## *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

September 08, 2023

Ms. Deborah Rose Deitsch-Perez
Stinson, L.L.P.
2200 Ross Avenue
Dallas, TX 75201

Mr. Davor Rukavina
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street
Ross Tower
Suite 3800
Dallas, TX 75201-6659

    No. 23-10911   Highland Capital v. NexPoint Asset
                      USDC No. 3:21-CV-881
                      USDC No. 3:21-CV-880
                      USDC No. 3:21-CV-1010
                      USDC No. 3:21-CV-1378
                      USDC No. 3:21-CV-1379
                      USDC No. 3:21-CV-3160
                      USDC No. 3:21-CV-3162
                      USDC No. 3:21-CV-3179
                      USDC No. 3:21-CV-3207
                      USDC No. 3:22-CV-789

Dear Ms. Deitsch-Perez, Mr. Rukavina,

We have docketed the appeal as shown above, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See FED. R. APP. P. and 5TH CIR. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see FED. R. APP. P. 12(b) and 5TH CIR. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form

will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

        Sincerely,

        LYLE W. CAYCE, Clerk

        By: _____
        Roeshawn Johnson, Deputy Clerk
        504-310-7998

cc:  Mr. Zachery Z. Annable
     Ms. Karen S. Mitchell
     Mr. Jeffrey N. Pomerantz
     Ms. Hayley R. Winograd

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

---

Case No. 23-10911

---

In the Matter of Highland Capital Management, L.P.

> Debtor

Highland Capital Management, L.P.,

> Appellee

v.

NexPoint Asset Management, L.P., formerly known as Highland Capital Management Fund Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Real Estate Partners, L.L.C., formerly known as HCRE Partners L.L.C.; Highland Capital Management Services, Incorporated; James Dondero,

> Appellants

---

In the Matter of Highland Capital Management, L.P.

> Debtor

James D. Dondero;

> Appellant

v.

Highland Capital Management, L.P.,

> Appellee