Case No. 23-10911

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

In the Matter of: Highland Capital Management, L.P.,

Debtor,

Highland Capital Management, L.P.,

Appellee,

v.

NexPoint Asset Management, L.P., formerly known as Highland Capital Management Fund Advisors, L.P.; NexPoint Advisors, L.P.; NexPoint Real Estate Partners, L.L.C., formerly known as HCRE Partners L.L.C.; Highland Capital Management Services, Incorporated; James Dondero,

Appellants.

---

In the Matter of: Highland Capital Management, L.P.,

Debtor,

James D. Dondero,

Appellant,

v.

Highland Capital Management, L.P.,

Appellee.

---

Appeal from the United States District Court for the
Northern District of Texas, the Honorable Brantley Starr
Civ. Act. No. 3:21-cv-00881-X

---

CORE/3522697.0002/184743577.6

Case No. 23-10921

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

In the Matter of: Highland Capital Management, L.P.,

Debtor,

Highland Capital Management, L.P.,

Appellee,

v.

NexPoint Asset Management, L.P., formerly known as Highland
Capital Management Fund Advisors, L.P.,

Appellant.

Appeal from the United States District Court for the
Northern District of Texas, the Honorable Brantley Starr
Civ. Act. No. 3:21-cv-00881-X

## APPELLANTS' UNOPPOSED MOTION TO (1) CONSOLIDATE
## APPEALS, (2) STAY BRIEFING SCHEDULE, AND (3) EXTEND LENGTH
## LIMITS FOR BRIEFS

Deborah Deitsch-Perez, Esq.
Michael Aigen, Esq.
**STINSON LLP**
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
**ATTORNEYS FOR APPELLANTS**

Davor Rukavina
Julian P. Vasek
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
**ATTORNEYS FOR APPELLANTS
NEXPOINT ASSET MANAGEMENT,
L.P. (F/K/A HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS,
L.P.) and NEXPOINT ADVISORS, L.P.**

Appellants NexPoint Asset Management, L.P., formerly known as Highland Capital Management Fund Advisors, L.P. ("NAM"); NexPoint Advisors, L.P. ("NPA"); NexPoint Real Estate Partners, L.L.C., formerly known as HCRE Partners L.L.C. ("NPREP"); Highland Capital Management Services, Incorporated ("HCMS"); and James Dondero ("Dondero") (collectively "Appellants"), through counsel, respectfully file this unopposed motion (the "Motion")[1] seeking the following relief:

(1) Consolidation of Case Nos. 23-10911 and 23-10921;

(2) A stay of the briefing schedules for Case Nos. 23-10911 and 23-10921, pursuant to Federal Rules of Appellate Procedure 10 and 27 and 5th Cir. Rules 27.1.3 and 27.1.11, pending the compilation and submission of the complete record on appeal by the Bankruptcy Court of the Northern District of Texas; and

(3) An extension of the length limits for briefs under Federal Rule of Appellate procedure 32(a)(7) and 5th Cir. Rule 32.[2]

In support of the Motion, Appellants states as follows:

---

[1] An identical version of this Motion is being concurrently filed in both Case No. 23-10911 and Case No. 23-10921.

[2] The relief sought in this Motion is purely procedural. *See* 5th Cir. Rule 27.1 (identifying procedural motions the clerk may rule on, which include motions to "stay further proceedings in appeals" (5th Cir. Rule 27.1.3), motions to "consolidate appeals" (5th Cir. Rule 27.1.9) and motions to "extend the length limits for []briefs" (5th Cir. Rule 27.1.16)). As such, pursuant to 5th Cir. Rule 27.4, Appellants' Motion does not include a certificate of interested persons as described in 5th Cir. Rule 28.2.1.

**A.      Unopposed Motion to Consolidate Case Nos. 23-10911 and 23-10921.**

1.      Case No. 23-10911 is an appeal by five Appellants from certain orders of the District Court for the Northern District of Texas (the "District Court") in a consolidated matter (Civ. Act. No.3:22-cv-0881-x) comprised of several related matters, all of which were adversary proceedings stemming from a common bankruptcy matter in the Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") styled *In the matter of Highland Capital Management, L.P.* Included among the orders appealed from are Amended Final Judgments against Appellants issued by the District Court on August 3, 2023 resulting from (a) the District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on July 19, 2022 (and which was supplemented on December 5, 2022) and (b) the District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on October 12, 2022 (which was supplemented on January 17, 2023).

2.      Case No. 23-10921 is an appeal by one appellant, NAM, who is also an appellant in Case No. 23-10911.  Like Case No. 23-10911, Case No. 23-10921 is also an appeal from certain orders of the District Court for the Northern District of Texas (the "District Court") in the consolidated matter, Civ. Act. No.3:22-cv-0881-x.  Included among the orders appealed from are Amended Final Judgments against Appellant NAM issued by the District Court on August 3, 2023 resulting from the

CORE/3522697.0002/184743577.6

District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on July 19, 2022 (and which was supplemented on December 5, 2022).

3.    The underlying consolidated civil matter (Civ. Act. No. 3:22-cv-0881-x) originated with six adversary proceedings filed in the Bankruptcy Court (Nos. 21-3003; 21-3004; 21-3005; 21-3006; 21-3007; and 21-3082).  All of the adversary proceedings related to promissory and/or demand notes issued one or more of the Appellants to Debtor.  All of the adversary proceedings (except for 21-3004) involve common issues related to whether an alleged subsequent oral agreement prevented enforcement of the notes.  And three of the adversary proceedings involve an identical defense, namely, whether Appellant was contractually obligated to make payments on certain Appellants' behalves on the notes. Therefore, there are common issues of fact and law central to each of these adversary proceedings.

4.    The District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on July 19, 2022 related to a motion for partial summary judgment that had been filed in the Bankruptcy Court by the Debtor against five defendants (here, appellants).  Although there are some arguments unique to certain Appellants, the District Court's Order related to the July

3

19, 2022 Report and Recommendation is the subject of both Case Nos. 23-10911 and 23-10921.

5.      The District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on October 12, 2022 related to a motion for summary judgment that had been filed in the Bankruptcy Court by the Debtor against NAM.  Although that motion for summary judgment was only against NAM, there is substantial overlap of the issues related to the appeal of the District Court's Order adopting the October 12, 2022 Report and Recommendation (and resulting Final Judgment) present in Case No. 23-10921, and the issues related to the appeal of the District Court's Order adopting the July 12, 2022 Report and Recommendation present in Case No. 23-10911.

6.      In the interest of judicial economy, and given the overlap between Case Nos. 23-10911 and 23-10921, including a common appellant, a common appellee, a common order of the District Court being appealed from, an overlap of issues presented in the Bankruptcy Court's two Reports and Recommendations, both of which involved motions for summary judgment and both of which were adopted by the District Court, and a substantial overlap of the Objections asserted by Appellants in response to those Reports and Recommendations, Appellants respectfully request that Case Nos. 23-10911 and 23-10921 be consolidated into one appeal.

4

**7.**     Counsel for Appellee requested that the two appeals be consolidated and requested that Appellants prepare the motion, which they have done. Therefore, Appellee does NOT oppose this motion.

### B.     Unopposed Motion to Stay Briefing Schedules.

**8.**     As stated above, Case No. 23-10911 is an appeal from certain orders of the District Court entered in the consolidated matter Civ. Act. No.3:22-cv-0881-x. The orders appealed from include Amended Final Judgments against Appellants issued by the District Court on August 3, 2023 resulting from (a) the District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on July 19, 2022 (and which was supplemented on December 5, 2022) and (b) the District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on October 12, 2022 (which was supplemented on January 17, 2023).

**9.**     Case No. 23-10921 is also an appeal from certain orders of the District Court entered in the consolidated matter Civ. Act. No. 3:22-cv-0881-x.  The orders appealed from include an Amended Final Judgment against Appellant NAM issued by the District Court on August 3, 2023 resulting from the District Court's July 6, 2023 Order Adopting a Report and Recommendation issued by the Bankruptcy Court on July 19, 2022 (and which was supplemented on December 5, 2022).

10.    Appellants filed their respective Notices of Appeal on September 1, 2023 [Case No. 23-10921, DKT 1; Case No. 23-10911, DKT 1, DKT 6, DKT 9, DKT 12, DKT 15].

11.    Ordinarily, in an appeal from a judgment entered by a District Court exercising original bankruptcy jurisdiction, it would not be necessary to file a designation of the record on appeal. *See* Fed. R. App. P. 6(a), 10(a). The record would automatically include all items entered on the District Court's docket, and any transcripts the parties order. *See*, *generally*, Fed. R. App. P. 10. However, because the underlying consolidated civil matter originated with six adversary proceedings filed in the Bankruptcy Court, many critical portions of the appellate record are located on the Bankruptcy Court's docket, rather than on the District Court's docket.

12.    After consultation with the Bankruptcy Clerk, on September 15, 2023, Appellants timely filed a designation of the record on appeal with the District Court and, on September 18, 2023, emailed a copy of the designation to the Bankruptcy Clerk to identify for the Bankruptcy Clerk which documents to transmit to the District Court.

13.    On September 18, 2023, the Operations Support Specialists for the Bankruptcy Court acknowledged receipt of Appellants' designation of the record. On September 19, 2023, in an email to Appellant's counsel, the Bankruptcy Court's

Operations Support Specialists estimated that it may be ***"late December before we can get the record finalized."*** *See* Exhibit 1, attached hereto.

14.     On September 22, 2023, a notice was entered in the docket of Case No. 23-10921 [as DKT 32] indicating that the electronic record on appeal had been filed by the District Court.  Also on September 22, 2023, a notice was entered in the docket of Case No. 23-10911 [as DKT 43] that the electronic record on appeal had been filed by the District Court.

15.     That same day, September 22, 2023, this Court issued a letter in Case No. 23-10921 [DKT 33] notifying Appellant's counsel that the "record is complete for the purposes of appeal" and establishing a briefing schedule based on the date of the letter.  Also on September 22, 2023, this Court issued a letter in Case No. 23-10911 [DKT 44] notifying Appellants' counsel that "record is complete for the purposes of appeal" and establishing a briefing schedule based on the date of the letter.

16.     However, as referenced above, the record on appeal is not complete and, according to the Bankruptcy Court, may not be complete until December of this year.

17.     The primary subjects of the aforementioned Reports and Recommendations of the Bankruptcy Court were a motion for partial summary

CORE/3522697.0002/184743577.6

judgment filed by Debtor against Appellants (referenced in the July 19, 2022 Report and Recommendation) and a separate motion for summary judgment filed against appellant NAM (referenced in the October 12, 2022 Report and Recommendation). All of the summary judgment pleadings and evidence underlying both Reports and Recommendations were filed in the Bankruptcy Court and oral arguments were held before the Bankruptcy Judge, the Hon. Stacey G.C. Jernigan, who then issued her Reports and Recommendations (and Supplements thereto) to the District Court.

18.     Appellant timely filed with the District Court its Objections to both of the Bankruptcy Court's Reports and Recommendations.  Related briefing by both Debtor and Appellants followed these Objections.  Ultimately, on July 6, 2023, the District Court issued its two Orders Adopting Report and Recommendation and Final Judgment, which lead to its August 6, 2023 Amended Final Judgment against Appellants.

19.     In both of its July 6, 2023 Orders, the District Court stated that "[h]aving carefully considered (1) [Debtor's] motion and all arguments and evidence admitted into the record in support of the motion, (2) all responses and objections to the motion and all arguments and evidence admitted into the record in support of such responses and objection, and the arguments presented by counsel during the hearing held on [April 20, 2022 or July 27, 2022], on the motion, and for the reasons

8

set forth in the Report and Recommendation (the 'R&R') filed by the Bankruptcy Court on [July 19, 2022 or October 12, 2022], and the Supplement to the R&R filed [December 5, 2022 or January 17, 2023], the Court **ACCEPTS** the report and recommendation. The Court **OVERRULES** the objections to the report and recommendation and **OVERRULES** the objection to the supplement to the report and recommendation."

20.     The District Court's Orders, while reflecting its decisions on the briefing related to Appellants' Objections to the Bankruptcy Court's Reports and Recommendations (and Supplements thereto), were (or should have been) the result of a *de novo* review of those Reports and Recommendations (and Supplements thereto).[3] Indeed, the records the District Court referred to in its Orders were the underlying Bankruptcy Court records, and the hearings the District Court referred to were the hearings with the Bankruptcy Judge. Critically, because Appellant's Objections were not formal appeals to the District Court (nor were they required to

---

[3] *See Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) ("If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding *de novo* and enter final judgment."); *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 349 (S.D. Tex. 2009) ("The bankruptcy court makes the initial determination of the core status of the proceedings, however, the district court conducts a *de novo* review of the bankruptcy court's findings") (citing *Mirant Corp. v. The Southern Co.,* 337 B.R. 107, 115 n. 13 (N.D. Tex. 2006), internal footnotes omitted); *In re OCA, Inc.*, No. CIV.A. 06-3811, 2006 WL 4029578, at *3 (E.D. La. Sept. 19, 2006) ("The bankruptcy court is authorized to make findings of facts and law in the non-core matters, but these determinations will be subject to *de novo* review by the district court. In this sense, the bankruptcy court acts like a magistrate's court with respect to the proceedings that are related but non-core.") (internal citations omitted); *Taylor v. Comm'r of Soc. Sec. Admin*, 2022 WL 2992877 (N.D. Tex. July 27, 2022); *Van Horne v. Valencia*, 2022 WL 2800878, at *1 (N.D. Tex. July 18, 2022); *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. May 10, 1994).

be), no record on appeal was submitted to, or required by, the District Court. As a result, however, many critical portions of the appellate record for both of the appeals before this Court are located on the Bankruptcy Court's docket, rather than on the District Court's docket, despite the fact that the District Court undertook a *de novo* review and confirmed that it reviewed "all arguments and evidence admitted into the record in support of the [Debtor's] motion[s] [for summary judgment]."

21.    Among other things, the motions for summary judgment themselves and the summary judgment evidence are all located on the Bankruptcy Court's docket and therefore the District Court did not include them in the record on appeal in its current form.

22.    To adequately brief the orders of the District Court appealed from, Appellants needs the complete summary judgment records from the Bankruptcy Court. Therefore, Appellants file this motion to stay the briefing schedule until the complete record on appeal, which includes the critical summary judgment pleadings, evidence and transcripts, can be compiled by the Bankruptcy Clerk and submitted to this Court.

23.    Counsel for Appellants conferred with counsel for Appellee specifically addressing this motion to stay the briefing schedule. Appellee's counsel confirmed that Appellee does NOT oppose this motion.

**C.     Unopposed Motion to Extend the Length Limits for Briefs.**

24.     The Bankruptcy Court's July 19, 2022 Report and Recommendation recommended that the District Court grant summary judgments in five different adversary cases against five different defendants, the five Appellants in Case No. 23-10911.  That Report and Recommendation, adopted by the District Court, is 45-pages long and made numerous findings of fact and law that Appellants challenged in their Objection filed with the District Court.

25.     The Bankruptcy Court's October 11, 2022 Report and Recommendation recommended that the District Court grant summary against NAM, Appellant in Case No. 23-10921.  That Report and Recommendation, adopted by the District Court, is 50-pages long and made numerous findings of fact and law that NAM challenged in its Objection filed with the District Court.

26.     Each Appellant has a right to and seeks to present its argument on the issues on appeal related to the District Court's adoption of the Bankruptcy Court's Reports and Recommendations and overruling Appellants' Objections.

27.     In these two appeals (or this singular appeal, if the consolidation motion is granted), involving complex defenses with over $63 million at stake, Appellants seek to address the issues on appeal in up to two principal briefs with an aggregate of 100 pages (to be allocated among the Appellants) – shorter than the 180 aggregate

number of pages that Appellants could submit under Federal Rule of Appellate Procedure 32(a)(7) if each submitted its own brief in the two appeals. Additionally, Appellants seek leave to file reply briefs with an aggregate of 30 pages (to be allocated among the Appellants) – shorter than the 90 aggregate number of pages that Appellants could submit under Federal Rule of Appellate Procedure 32(a)(7) if each submitted its own reply brief in the two appeals.

28.    Rule 32(a)(7) limits the length of a party's principal brief to 30 pages and the reply brief to 15 pages, but 5th Cir. Rule 32.4 allows for motion to file a brief in excess of the page length limitations, provided that such motion is filed at least 10 days in advance of the brief's due date. This motion is filed well in advance of that 10-day deadline, particularly if the motion to stay is granted.

29.    Consolidated briefing by Appellants with an increased page limit is necessary and will serve the interests of judicial economy.

30.    Further, the page-limit extension will enable Appellants to address each of the issues identified in the notices of appeal.

31.    Counsel for Appellants conferred with counsel for Appellee specifically addressing this motion to extend the length limits for briefs to 100 pages for principal briefs and 30 pages for reply briefs. Appellee's counsel confirmed that Appellee does NOT oppose this motion.

**WHEREFORE**, Appellants respectfully request that the Court grant to following relief, which is unopposed by Appellee:

(1) Consolidation of Case Nos. 23-10911 and 23-10921;

(2) A stay of the briefing schedules for Case Nos. 23-10911 and 23-10921 (or the consolidated case), pursuant to Federal Rules of Appellate Procedure 10 and 27 and 5th Cir. Rules 27.1.3 and 27.1.11, pending the compilation and submission of the complete record on appeal by the Bankruptcy Court of the Northern District of Texas; and

(3) An extension of the length limits for briefs under Federal Rule of Appellate procedure 32(a)(7) and 5th Cir. Rule 32 to 100 pages for principal briefs and 30 pages for reply briefs.

Respectfully submitted this 5th day of October, 2023,

By: */s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez, Esq.
Michael Aigen, Esq.
**STINSON LLP**
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

Davor Rukavina
Julian P. Vasek
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile

**ATTORNEYS FOR APPELLANTS**

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This Motion complies with the word limit of FED. R. APP. P. 27(d)(2) because, including footnotes and excluding the parts of the document exempted by FED. R. APP. P. 32(f), this Motion contains 2,968 words.

2.      This Motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this Motion has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point for footnotes).


By: */s/ Deborah Deitsch-Perez*
                Deborah Deitsch-Perez


## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for Appellants has conferred with counsel for Appellee and the foregoing Motion is unopposed.


By: */s/ Deborah Deitsch-Perez*
                Deborah Deitsch-Perez

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2023, the foregoing Motion was electronically filed using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.


By: */s/ Deborah Deitsch-Perez*
                Deborah Deitsch-Perez

CORE/3522697.0002/184743577.6